IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALVIN LLOYD MARION,

                      Plaintiff,

    v.                                               OPINION & ORDER

NANCY A. BERRYHILL,                              17-cv-724-jdp
  Acting Commissioner, Social Security Administration,

                      Defendant.

---

Plaintiff Calvin Marion contends that he became disabled as a result of a serious truck accident in December 2012. He applied for both disability insurance benefits and supplemental security income. After his claims were denied, Marion requested a hearing before an ALJ. The ALJ determined that Marion was disabled as of July 7, 2015, but not before. This means that Marion would receive SSI, but not DIB, because his date last insured was December 31, 2013.

Marion now appeals the determination that he was not disabled as of December 2012. He contends that the ALJ committed four errors: failed to give proper weight to the opinion of the treating physician; failed to properly evaluate Marion's subjective symptoms; assigned Marion an RFC that was not supported by substantial evidence; and failed to properly evaluate whether Marion met or equaled Listing 1.04 for back impairments.

The case is scheduled for an oral argument on August 10, 2018, but the court concludes that oral argument is unnecessary. The ALJ made a significant factual error concerning Marion's activities of daily living, which fundamentally affect the ALJ's analysis of the treating physician, Marion's own testimony, and ultimately the RFC. The ALJ's

discussion of Listing 1.04 is so conclusory that the court cannot determine precisely why the listing was not met or equaled. The court will remand the decision for further proceedings.

ANALYSIS

A. **Issues related to the RFC**

The ALJ found that Marion was working four jobs in early 2014, R. 21, based on a comment about his "social history" in a treatment note from January 6, 2014, R. 472. The court will uphold the ALJ's findings of fact so long as they are supported by substantial evidence, which means evidence that a reasonable mind would accept as reasonable to support a conclusion. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000), as amended (Dec. 13, 2000). In deciding whether a finding is supported by substantial evidence, the court reviews the entire record, although it does not reweigh the evidence or substitute its own judgment for that of the ALJ. *Id*.

The ALJ's finding that Marion was working four jobs is not supported by substantial evidence. The social history paragraph on which the ALJ relied was apparently copy-and-pasted into the treatment notes for multiple doctor visits. R. 472; R. 574. But the information in the social history paragraph is contradicted by other treatment notes from about the same time. Those notes state that Marion was retired, unable to drive, and only worked on his hobby farm. R. 466 (March 3, 2014); R. 596 (July 18, 2014); R. 626 (August 15, 214). And, most important, the copied social history paragraph is contracted by Marion's hearing testimony, during which the ALJ reviewed Marion's employment history. R. 39–41. At no point in the hearing did the ALJ confront Marion with the information in the social

2

history paragraph that he was working four jobs in January 2014. No reasonable person viewing this record could find that Marion was working four jobs in 2014.

The Commissioner implicitly concedes that the ALJ's fact finding is not supported by substantial evidence. Instead, the Commissioner argues that an "ALJ almost never attempts to use the claimant's daily activities as proof that [claimant] is not disabled," and that the ALJ here relied chiefly on the medical evidence and opinions of the medical consultants. Dkt. 20 at 12-13. Essentially the Commissioner argues that the factual error was harmless. But the Commissioner's argument cannot be squared with the text of the ALJ's decision. The four-jobs finding is cited to discredit Marion's own testimony about his limitations, R. 21, and his hobby farm work is cited against the opinion of the treating physician, R. 22. The ALJ thought that a year after the truck accident, Marion was capable of working more than eight hours a day with at least moderate exertion. R. 21. This unsupported view affects the rest of the ALJ's opinion that leads to the RFC.

Remand is required so that the ALJ can accurately assess Marion's physical limitations as of the alleged onset date. This will require the ALJ to reevaluate Marion's testimony and to reconsider the opinion of Dr. Stark, Marion's treating physician. Dr. Stark opined that as of September 6, 2013, among other limitations, Marion would have to frequently alternate between sitting, standing, and walking. R. 317 (date of report is at R. 313). This limitation is apparently decisive, because the vocational expert thought that none of the jobs available to Marion could accommodate it. R. 58–59. The ALJ accepted the VE's testimony on this point. R. 25–26.

**B. Listing 1.04**

Marion also contends that the ALJ erred in finding that Marion did not meet or equal Listing 1.04(A) or (B) related to back impairments. 20 C.F.R., Part 404, Subpt. P, App. 1, § 1.04.

The Commissioner argues that the evidence supports the ALJ's finding as to 1.04(A) because Marion did have the required positive straight-leg test. Marion had a negative straight-leg test as late as July 2015, R. 514, and did not have a positive straight-leg test until August 2015. R. 593. So he could not have met the listing for a period of 12 or more months as required. 20 C.F.R. § 404.1509. The Commissioner argues that Marion also did not meet Listing 1.04(B), because though Marion points to evidence of limited mobility, it is not so severe as to meet the definition of ineffective ambulation under 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 1.00(B)(2)(b).

The Commissioner makes a plausible case that Marion did not meet the criteria in Listing 1.04, but this was not the analysis conducted by the ALJ. The Commissioner cannot defend the ALJ's decision on grounds the ALJ herself did not invoke. *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012). The court cannot tell from the ALJ's conclusory statements why Marion did not meet or equal those criteria. On remand, the ALJ will have to reconsider Listing 1.04 as well.

ORDER

IT IS ORDERED that the decision of defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, denying plaintiff Calvin Marion's application for disability insurance benefits and supplemental security income is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The August 10, 2018 oral argument is CANCELED as unnecessary.

Entered August 9, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge