IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CALVIN MARION,

                Plaintiff,

v.                                         OPINION and ORDER

ANDREW M. SAUL,                              17-cv-724-jdp
Commissioner of Social Security,

                Defendant.[1]

---

Plaintiff Calvin Marion appealed the decision of the commissioner of the Social Security Administration denying his application for disability insurance benefits and supplemental security income. The court remanded the case to the agency for further proceedings and awarded Marion's attorney, Barry Schultz, $12,593.63 in attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Dkt. 24 and Dkt. 36. After remand, the commissioner awarded Marion $90,968.00 in past-due benefits and reserved 25 percent of that award, or $22,742.00, for attorney fees, Dkt. 37-1, at 4.

Under 42 U.S.C. § 406(b), the court may award a prevailing plaintiff's attorney a fee of up to 25 percent of past-due benefits. Schultz says that Marion was represented by a different attorney after his case was remanded to the agency who received $6,000.00 in fees for his work at the administrative level. Schultz now moves for an attorney fee award of $16,742.00, which represents 25 percent of Marion's past-due benefits, or $22,742.00, less the $6,000.00 that Marion's other attorney received. Dkt. 37. Schultz says that he will refund

---

[1] The court has changed the caption in this case to reflect that Andrew M. Saul was confirmed as the Commissioner of the Social Security Administration after Marion filed this lawsuit.

Marion the $12,593.63 in EAJA fees if he receives his requested fee. The commissioner doesn't oppose Schultz's fee request. Dkt. 39.

Although Schultz's fee request does not exceed § 406(b)'s cap of 25 percent of past-due benefits, and although Marion signed a contingent-fee agreement to pay a 25 percent fee to Schultz, Dkt. 37-2, Schultz still must show that the requested fee is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

The court concludes that Schultz's requested fee is reasonable. Schultz submits a record of his time showing that he performed 57.9 hours of work in this court.[2] Dkt. 37-3. This yields an effective rate of approximately $289 per hour. This rate is well within the bounds of what is reasonable, as the court has approved significantly higher rates under § 406(b) for results comparable to those obtained by Schultz. *See, e.g.*, *DeBack v. Berryhill*, No. 17-cv-924, Dkt. 31 (W.D. Wis. May 4, 2020) (approving effective rate of $800 per hour); *Ferg v. Berryhill*, No. 15-cv-665, 2018 WL 3574874 (W.D. Wis. July 25, 2018) (approving effective rate of $777 an hour). The requested fee is reasonable in light of Schultz's experience, his risk of non-recovery, the results he obtained, and the amounts awarded in similar cases.

One final note. As Schultz acknowledges, this award requires him to return the $12,593.63 he received in EAJA fees to Marion. If an attorney receives fees for the same work

---

[2] Schultz says that his record shows a total of 60.4 hours of work, but the entries in the record total only 57.9 hours.

under both § 406(b) and the EAJA, the attorney must return the smaller fee to the plaintiff; the EAJA fee award "offsets" the § 406(b) award. *Gisbrecht*, 535 U.S. at 796.

ORDER

IT IS ORDERED that:

1. The court's order awarding attorney fees under 28 U.S.C. § 2412, Dkt. 36, is VACATED.

2. Plaintiff Calvin Marion's attorney's unopposed motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 37, is GRANTED. The court approves the representative fee award of $16,742.00, provided Schultz refunds Marion $12,593.63.

Entered August 24, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge